32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam E. McDOWELL; John Alsworth; Mary Alsworth, et al.,
Plaintiffs-Appellants,
v.
UNITED STATES of America; United States Department of
Interior; Manuel J. Lujan, Jr., in his official
capacity as secretary of the interior,
Defendants-Appellees,
and
Kenaitze Indian Tribe and Alaska Federation of Natives,
Defendants-Intervenors.
 No. 93-35200.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided July 25, 1994.
 
 Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA, District Judge.*
 MEMORANDUM**
 Sam E. McDowell and other individuals and organizations appeal the district court's grant of summary judgment against them on their claims challenging the constitutionality of Title VIII of the Alaska National Interest Lands Conservation Act (ANILCA), 16 U.S.C. Secs. 3111-3126. ANILCA establishes a preference for subsistence hunting and fishing for rural Alaska residents.
 The United States argues that appellants have not shown standing to bring these claims.
 "The jurisdictional element of standing must be met in every case, and we must satisfy ourselves that this element exists even if no party to the action raises a doubt regarding its presence." Board of Natural Resources v. Brown, 992 F.2d 937, 945 (9th Cir.1993) (citing ASARCO, Inc. v. Kadish, 490 U.S. 605, 611 (1989)).
 The district court reached the merits of the plaintiffs' claims in ruling on motions for summary judgment. It treated standing as having been established because the allegations of the plaintiffs' complaint were sufficient to survive a motion to dismiss.
 At the summary judgment stage of the proceedings, however, "the plaintiff can no longer rest on ... mere allegations, but must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment will be taken as true." Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2137 (1992) (internal quotations and citations omitted). The district court could not reach the merits of the case on summary judgment until standing had been established as a factual matter.
 The record is devoid of any evidence to establish the plaintiffs' standing. Without such evidence, summary judgment on the merits could not properly be entered. Accordingly, the district court's summary judgment is vacated and this cause is remanded to the district court for further proceedings. The district court may consider the merits on summary judgment, if affidavits or other evidentiary material on the standing issue are presented to it.
 Summary judgment VACATED; cause REMANDED.
 
 
 
 *
 Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3